UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RACHEL B. S.,<br><br>        Plaintiff,<br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | CASE NO. 3:24-CV-5350-DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her applications for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB") for the period between August 1, 2013, and December 9, 2017.[1] The parties agree the Administrative Law Judge ("ALJ") committed reversible error. However, the parties disagree regarding whether this matter should be reversed and remanded for an award of benefits or remanded for further administrative proceedings.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

After considering the record, the Court finds Plaintiff has not demonstrated that extraordinary circumstances exist requiring remand with a direction to award benefits or that further administrative proceedings would not be useful. Therefore, the Court remands this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

I.    **Factual and Procedural History**

Plaintiff protectively filed a claim for DIB in December 2013, alleging disability beginning on August 1, 2013. Dkt. 12, Administrative Record ("AR") 13, 211–12, 1275–77. Her application was denied at the initial level and on reconsideration. AR 85, 100. She requested a hearing before an ALJ, which took place on May 17, 2017. AR 33–75, 115–16. Plaintiff was represented by counsel at the hearing. *See* AR 33. On June 16, 2017, the ALJ issued an unfavorable decision denying benefits. AR 10–29. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed to this Court. AR 1–6, 209–10, 838–39. On March 4, 2019, this Court affirmed the ALJ's decision to deny benefits, and Plaintiff appealed the Court's decision. *See* AR 843–46, 861–78. On July 16, 2021, based on the parties' stipulation, the Ninth Circuit Court of Appeals vacated the District Court's decision and remanded Plaintiff's claim for a new hearing. *See* AR 843–60.

While Plaintiff's December 2013 claim was under review, Plaintiff filed new applications for DIB and SSI in May 2018. AR 958–59. After denials at the initial level and on reconsideration, a hearing on these claims took place on April 22, 2021, before an ALJ. AR 748–77, 993–94. On July 19, 2021, the ALJ issued a partially favorable decision finding Plaintiff had become disabled on December 9, 2017, but was not disabled before that date. AR 879–905. Plaintiff requested review of the hearing decision by the Appeals Council. AR 1020–22.

1       On April 12, 2022, the Appeals Council ordered that Plaintiff's new claims be
2  consolidated with the remanded claim, affirmed the finding of disability beginning December 9,
3  2017, and remanded all Plaintiff's claims for a new hearing limited to the period between
4  Plaintiff's alleged onset date and December 9, 2017. AR 907–13. A hearing was held on the
5  consolidated claims on November 29, 2023. AR 778–811. On January 10, 2024, the ALJ issued
6  an unfavorable decision finding Plaintiff was not disabled between August 1, 2013, and
7  December 9, 2017. AR 715–47. Plaintiff appealed to this Court. *See* Dkts. 1, 10.

8       **II.   Standard of Review**

9       When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court
10 may set aside the denial of social security benefits if the ALJ's findings are based on legal error
11 or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211,
12 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

13      **III.  Discussion**

14      Plaintiff contends the ALJ erred in evaluating Plaintiff's work activity, medical evidence
15 in the record, Plaintiff's testimony about the severity of her symptoms, and lay witness
16 testimony, resulting in an erroneous residual functional capacity ("RFC") and step five findings.
17 Dkt. 20 at 2. She contends the proper remedy for these errors is remand for an award of benefits.
18 *Id.* Defendant concedes the ALJ committed reversible error at step five of the sequential
19 evaluation but argues the case should be remanded for further administrative proceedings. Dkt.
20 29 at 1–2.

21      The Court may remand a case "either for additional evidence and findings or to award
22 benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court
23 reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). The Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

An ALJ's errors are relevant only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* Therefore, even if the "credit-as-true" conditions are satisfied, a Court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

After reviewing the record, the Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts and issues remain that must be resolved concerning Plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy. The resolution of these issues impacts the underlying question of Plaintiff's disability. For example, Defendant concedes the ALJ erred at step five of the sequential evaluation by relying on vocational expert testimony that did not account for all the limitations in the RFC. Dkt. 29 at 4–5. Because the vocational expert was not presented with a

complete hypothetical, it is unclear from the record whether a person with Plaintiff's limitations could perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

Defendant "neither agrees with nor disputes" Plaintiff's remaining claims of error and contends the Court need not reach these issues because the other claims of error "can be addressed on remand." Dkt. 29 at 2 n.1. Although the Court does not reach Plaintiff's other arguments, to allow these claims to be addressed on remand, the ALJ must re-evaluate all medical and nonmedical evidence in the record and offer Plaintiff the opportunity for a new hearing and further development of the record before issuing a new decision. The Court directs the Commissioner to assess whether this matter should be assigned to a different ALJ on remand.

### IV. Conclusion

Based on the foregoing reasons, the Court accepts Defendant's concession that the ALJ improperly concluded Plaintiff was not disabled between August 1, 2013, and December 9, 2017. Accordingly, Defendant's decision to deny benefits for that period is reversed, and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 17th day of January, 2025.

David W. Christel
United States Magistrate Judge